# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 19-10192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2020

Lyle W. Cayce
Clerk

———————

TIFFANY TEAL,

Plaintiff-Appellant

v.

FEDERAL EXPRESS CORPORATION, also known as FedEx Express;
EQUIFAX WORKFORCE SOLUTIONS, also known as TALX Corporation,

Defendants-Appellees

————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2161

————————————————

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Tiffany Teal moves this court for leave to proceed in forma pauperis (IFP) from the district court's grant of summary judgment in favor of the defendants. She also moves for the appointment of counsel. Teal challenges the district court's rejection of the following claims: (1) her disability discrimination and retaliation claims against Federal Express Corporation under the Americans

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10192

with Disabilities Act, (2) her civil rights and aiding and abetting claims against the defendants, and (3) her defamation claims against the defendants. She further argues that the grant of summary judgment was erroneous because (1) the district court denied her discovery needed to defend against the motion for summary judgment, (2) the district court ignored her invocation of Federal Rule of Civil Procedure 56(d), and (3) the defendants failed to include any information she provided in support of her claim in their motion for summary judgment and instead used hearsay evidence.

Teal's motion to proceed IFP and her appellate brief are construed as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). To proceed IFP, Teal must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). This court may determine the merits of a litigant's appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Baugh*, 117 F.3d at 202. If the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n.24; *see* 5TH CIR. R. 42.2.

Teal's arguments do not present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Consequently, she has not made the requisite showing for leave to proceed IFP on appeal. *See Carson*, 689 F.2d 562, 586. Accordingly, her appeal is dismissed as frivolous and her motion for leave to

No. 19-10192

proceed IFP on appeal is denied. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Teal's motion for appointment of counsel is also denied.

APPEAL DISMISSED. MOTIONS DENIED.